**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MARY GARIS,

                              Plaintiff,

              -against-

UNCUT-RAWTV, DIPLOMATS, BMF
ENTERTAINMENT INC., and DAMIEN
SULLIVAN a/k/a "DRX,"

                       Defendants.


UMG RECORDINGS, INC.,

                        Cross-Plaintiff,

           -against-

UNCUT-RAWTV, INC., and DAMIEN
SULLIVAN a/k/a/ "DRX,"

                    Cross-Defendants.
-----------------------------------------------------------X

**ORDER**

06-CV-5031(ADS)(AKT)

**APPEARANCES:**

**MALLILO & GROSSMAN**
Attorneys for the Plaintiff
163-09 Northern Boulevard
Flushing, NY 11358
        By:    Jack L. Grossman, Esq.,
                  Francesco Pomara, Jr., Esq., Of Counsel

**JENNER & BLOCK, LLP**
Attorneys for the Cross-Plaintiff
919 Third Avenue
37th Floor
New York, NY 10022
        By:    Andrew H. Bart, Esq.,
                  Carletta Flora Higginson, Esq., Of Counsel

**VINCENT J. MALFETANO, ESQ.**
Attorney for Uncut-RawTV, Inc. and Damien Sullivan also known as DRX
9 Fairview Place
New Rochelle, NY 10805

**NO APPEARANCE**
Diplomats and BMF Entertainment Inc.

**SPATT, District Judge.**

On May 4, 2006, plaintiff Mary Garis ("Plaintiff" or "Garis") commenced this action in New York State Supreme Court, Nassau County, against defendants Uncut-RawTV, Inc. ("Uncut"), Diplomats, BMF Entertainment Inc. ("BMF"), Damien Sullivan, also known as DRX ("Sullivan"), and UMG Recordings, Inc. ("Cross-Plaintiff" or "UMG"), alleging that they knowingly used her imagine for commercial or advertising purposes without her consent in violation of Section 51 of the Civil Rights Law of the State of New York.  On September 15, 2006, UMG removed the action to federal court and filed an Answer and Cross-Claim against Uncut and Sullivan for willful infringement of a federally registered trademark in violation of Section 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a), as well as for violations of New York law.

On October 3, 2007, the Court entered a default against BMF and Sullivan on the claims asserted against them by Garis, and on October 29, 2008 the Court entered a default against Uncut and Sullivan on the claims asserted against them by UMG.  The Court referred both defaults to United States Magistrate Judge A. Kathleen Tomlinson for an inquest as to damages, including reasonable attorneys fees and costs.  On July 5, 2011, Judge Tomlinson issued a Report and Recommendation (the "Report").

With respect to the claims by Garis, Judge Tomlinson recommends that the Court:  (1) award Garis $50,000 in compensatory damages and $50,000 in exemplary damages for a total of $100,000

against BMF and Sullivan; and (2) permanently enjoin BMF and Sullivan from any unauthorized use of Garis' likeness.  As to UMG's request for damages, Judge Tomlinson recommends that the Court: (1) permanently enjoin Uncut and Sullivan from the unauthorized use of the "Def Jam" mark as set forth in the Report; (2) order Uncut and Sullivan to deliver all products bearing the Def Jam mark to UMG for destruction within 21 days; (3) order Uncut and Sullivan to produce all records relating to the unauthorized use of the Def Jam mark to UMG within 21 days; and (4) award UMG attorneys fees and costs against Uncut and Sullivan in the amount of $28,401.09.  To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed Judge Tomlinson's Report and finds it to be persuasive and without any legal or factual errors.  There being no objection to Judge Tomlinson's Report, it is hereby

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted in its entirety. The Court awards Garis $100,000 in damages against BMF and Sullivan and permanently enjoins BMF and Sullivan from any unauthorized use of Garis' likeness.  In addition, the Court awards UMG $28,401.09 in attorneys fees and costs as against Uncut and Sullivan and: (1) permanently enjoins Uncut and Sullivan from the unauthorized use of the "Def Jam" mark as set forth in the Report; (2) orders Uncut and Sullivan to deliver all products bearing the Def Jam mark to UMG for destruction within 21 days of the date of this order; and (3) orders Uncut and Sullivan to produce all records

relating to the unauthorized use of the Def Jam mark to UMG within 21 days of the date of this order, and it is further,

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of Garis as set forth above, and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of UMG as set forth above, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.


**SO ORDERED.**
Dated: Central Islip, New York
          September 21, 2011



          _/s/ Arthur D. Spatt_
          ARTHUR D. SPATT
          United States District Judge

4